IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TINA MONROE, an individual;** | |
| **Plaintiff,** | **8:22CV263** |
| vs. | **ORDER** |
| **STATE OF NEBRASKA; and NEBRASKA DEPARTMENT OF VETERANS AFFAIRS;** | |
| **Defendants.** | |

This matter is before the Court on the Motion to Compel Disclosure (Filing No. 29) filed by the defendants, State of Nebraska and the Nebraska Department of Veteran Affairs. Defendants seeks an order compelling Plaintiff to serve her required initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. Plaintiff, pro se, did not respond to the motion. The Court will grant the motion.

## BACKGROUND

Plaintiff, a registered nurse, commenced this action against her former employers, Defendants, for violations of the Nebraska Fair Employment Practices Act (NFEPA), Title VII of the Civil Rights Act of 1964 as amended, the Age Discrimination in Employment Act (ADEA), the Nebraska Discriminatory Wage Practices Based on Sex Act, and the Equal Pay Act. July 19, 2022. (Filing No. 1). Plaintiff was represented by counsel at the outset of this lawsuit, but on September 8, 2022, her counsel moved to withdraw from their representation because of a breakdown in communications. (Filing No. 11). On September 12, 2022, the Court granted the motion to withdraw, but stated withdrawing counsel would not be "relieved of their applicable duties to the Court, Plaintiff, and opposing counsel" until they filed proof of service demonstrating service of the Order upon Plaintiff. (Filing No. 13). The Court's Order informed Plaintiff she "is responsible for keeping the Court informed of her current contact information while she is proceeding pro se" and that until she obtains substitute counsel, she "must comply with all case progression deadlines, orders of this Court, the Federal Rules of Civil Procedure, and this district's Local Rules of Practice." The Court warned Plaintiff, "Failure to comply with these requirements

may result in the imposition of sanctions, including payment of costs, attorneys' fees, and/or dismissal of the case." (Filing No. 13 at p. 1).

On October 7, 2022, Plaintiff's counsel filed the Proof of Service upon Plaintiff as ordered by the Court. (Filing No. 18; Filing No. 19). Plaintiff's counsel sent a copy of the Court's Order by certified mail to Plaintiff's last known address. Plaintiff is a traveling nurse and was residing at a hotel in Marlborough, MA. The certified mail return receipt was signed for by the front desk supervisor of the hotel on September 27, 2022. The front desk supervisor confirmed with Plaintiff's counsel by telephone that Plaintiff picked up the certified mail package on September 30, 2022. (Filing No. 19-1 at ¶¶ 4-8; Filing No. 19-2). Additionally, on September 19 and September 27, 2022, Plaintiff's counsel sent copies of the Court's Order to Plaintiff at her email address the firm had used on a regular basis to communicate with her. (Filing No. 19-1 at ¶¶ 9-10; Filing No. 19-3; Filing No. 19-4). On October 7, 2022, the Court entered an Order relieving Plaintiff's counsel of their duties and deemed Plaintiff to be proceeding pro se. The Court again informed Plaintiff she "is responsible for keeping the Court informed of her current contact information while she is proceeding pro se." (Filing No. 20). The Order was mailed to Plaintiff at the address in Marlborough, MA, used by her former attorneys to send her certified mail.

The case proceeded, and on April 27, 2023, the Court granted in part and denied in part Defendants' Rule 12(b) motion to dismiss (Filing No. 15), allowing Plaintiff's Title VII race and gender discrimination claims to progress to discovery. (Filing No. 22). On May 11, 2023, the Court entered a Case Progression Order that permitted the parties to commence discovery and set deadlines for the progression of Plaintiff's remaining claims. (Filing No. 26). Relevant to the instant motion, the order set July 11, 2023, as the deadline for serving initial mandatory disclosures under Rule 26(a)(1), and December 21, 2023, as the deadline for completing written discovery. Plaintiff was sent a copy of this order by email.

According to defense counsel, he has had one phone conversation with Plaintiff since her former counsel withdrew. During that call, Plaintiff indicated she planned to hire new counsel. Since that conversation, defense counsel has not heard from Plaintiff nor counsel on her behalf. (Filing No. 30-1 at ¶5).

On July 3, 2023, defense counsel emailed Plaintiff to inquire if she had obtained new counsel and whether she intended to proceed with her lawsuit, and reminded her of the upcoming July 11, 2023, deadline to serve initial disclosures. (Filing No. 30-1 at p. 4). On July 21, 2023,

2

Defendants filed a certificate of service reflecting they served their initial mandatory disclosures upon Plaintiff by email and by mail at the Marlborough, MA address. (Filing No. 28). On October 19, 2023, defense counsel again emailed Plaintiff asking when she would be providing her initial disclosures, whether she intended to continue with her lawsuit, and for her current telephone number. (Filing No. 30-1 at p. 5). Plaintiff has not responded to defense counsel's emails. On December 19, 2023, defense counsel emailed Plaintiff's former counsel to see if she had Plaintiff's contact information, but had not received a response as of December 21, 2023. (Filing No. 30 at ¶¶ 6-8).

Defendants have now filed the instant motion to compel, requesting that the Court order Plaintiff to provide initial disclosures as required by Fed. R. Civ. P. 26(a) and the Case Progression Order (Filing No. 26). (Filing No. 29). Defendants further request an order requiring Plaintiff to show cause why her lawsuit should not be dismissed for failure to diligently prosecute her action under Fed. R. Civ. P. 41(b) and NECivR 41.2. Plaintiff did not respond to the motion.

### DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure permits a party to move the Court for an order compelling disclosure "[i]f a party fails to make a disclosure required by Rule 26(a)." Fed. R. Civ. P. 37(a)(3)(A). On May 11, 2023, the Court set July 11, 2023, as the deadline for parties to serve mandatory initial disclosures under Rule 26(a). (Filing No. 26). Plaintiff failed to do so. Counsel for Defendants attempted to reach Plaintiff on more than one occasion to obtain her disclosures and inquire as to whether she intends to prosecute her case. Plaintiff has not responded to any of defense counsel's inquiries, and has not filed anything in this case at all.

Although Plaintiff is proceeding without the assistance of counsel, she nevertheless has a duty to comply with the applicable local and federal rules, and the Court's orders. See *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "*pro se* status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]"); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."). The Court has previously informed Plaintiff she "is responsible for

3

keeping the Court informed of her current contact information while she is proceeding pro se" and that until she obtains substitute counsel, she "must comply with all case progression deadlines, orders of this Court, the Federal Rules of Civil Procedure, and this district's Local Rules of Practice." The Court has also warned Plaintiff, "Failure to comply with these requirements may result in the imposition of sanctions, including payment of costs, attorneys' fees, and/or dismissal of the case." There is no indication Plaintiff has not received the Court's Orders or defense counsel's communications. The Court also has no indication that Plaintiff is interested in prosecuting her case. Under the circumstances, the Court finds Defendants' motion should be granted. Plaintiff must serve her initial mandatory disclosures upon Defendants on or before **January 31, 2024**. Plaintiff is warned that failure to comply with the Court's order compelling disclosures may result in the Court's award of appropriate sanctions upon Defendants' motion, including dismissal of this action, pursuant to Fed. R. Civ. P. 37(b)(2)(A). Upon consideration,

**IT IS ORDERED:**

1. Defendants' Motion to Compel Disclosure (Filing No. 29) is granted. Plaintiff shall serve initial mandatory disclosures upon Defendants on or before **January 31, 2024.**
2. Plaintiff is notified that failure to serve initial disclosures by **January 31, 2024**, may result in appropriate sanctions upon Defendants' motion, including a recommendation that this case be dismissed for failure to comply with Court orders and failure to prosecute.

Dated this 9th day of January, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge